Case 1:19-cr-00145-ADA-BAM   Document 303   Filed 07/11/24   Page 1 of 4

HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
ERNESTO ZIBRAY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERNESTO ZIBRAY,<br><br>Defendant. | Case No. 1:19-cr-00145 NODJ-BAM-8<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: Unassigned |

Defendant, ERNESTO ZIBRAY, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders

with seven or more criminal history points ("status-point provision"). *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023). The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. Mr. Zibray received 3 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d) for a total criminal history score of 5, which placed Mr. Zibray in criminal history category III with a recommended guideline range of 135 - 168 months;

4. On July 10, 2023, this Court sentenced Mr. Zibray to a term of 135 months imprisonment;

5. The sentencing range applicable to Mr. Zibray was subsequently lowered by the status-point provision, which reduces his criminal history score to 3, lowering his criminal history category from III to II, resulting in an amended advisory guideline range of 121 to 151 months;

6. Because Mr. Zibray is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Zibray's term of imprisonment to 121 months.

7. <u>United States' statement regarding its stipulation</u>[1]: The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 202; United States' sentencing memorandum, ECF No. 205; Statement of Reasons ("SOR"); Judgment, ECF No. 223; defendant's Bureau of Prisons ("BOP") disciplinary history, and after conferring with the prosecuting Assistant United States Attorney.

Defendant was convicted of distribution of 500 grams and more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), for trafficking methamphetamine to resellers. Defendant originally received two status criminal history points because he was on electronic monitoring for a prior drug related conviction at the time he committed the instant

---

[1] This statement is provided by the United States in order to give the Court a brief summary the case history and relevant facts and is not part of the parties' stipulation.

offense.  At sentencing, the United States recommended at sentence at the low-end of the advisory guideline range, a sentence of 135 months.  ECF No. 205 at 1.

BOP records show that as of June 25, 2024, Defendant has not sustained any disciplinary incidents while in federal custody.  Defendant's current projected release date is November 4, 2028.

Respectfully submitted,

Dated:  July 9, 2024                                    Dated:  July 9, 2024

PHILLIP A. TALBERT                                HEATHER E. WILLIAMS
United States Attorney                              Federal Defender

/s/ Shelley D. Weger                                   /s/ Peggy Sasso
SHELLEY D. WEGER                                PEGGY SASSO
Assistant U.S. Attorney                             First Assistant Defender
Attorney for Plaintiff                                  Attorney for Defendant
UNITED STATES OF AMERICA              ERNESTO ZIBRAY

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Zibray is entitled to the benefit of Amendment 821, Part A, the new status point provision, codified at USSG § 4A1.1(e), which reduces his criminal history category from III to II, resulting in an amended guideline range of 121 to 151 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b), the term of imprisonment imposed in 2023 is reduced to a term of 121 months.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Zibray shall report to the United States Probation Office within seventy-two hours after his release.

DATED: July 10, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE